# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Samantha Orduno, individually and on
behalf of all others similarly situated,

       Plaintiff,

  v.

Richard Pietrzak, in his individual capacity as
the Chief of Police of the City of Dayton; City
of Dayton; John and Jane Does (1-120) acting
in their individual capacity as supervisors in the
City of Dayton; Michael Campion, in his
individual capacity as Commissioner of the
Minnesota Department of Public Safety; Ramona
Dohman, in her individual capacity as the
Commissioner of the Minnesota Department of
Public Safety; John and Jane Doe Employees of
the Minnesota Department of Public Safety in
their individual capacities as officers, supervisors,
staff, employees, independent contractors or
agents of the Minnesota Department of Public
Safety;

       Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-1393 ADM/JSM

---

Jonathan A. Strauss, Esq., Sapienta Law Group, Minneapolis, MN, and Susan M. Holden, Esq., Sieben Grose Von Holtum & Carey, Ltd., Minneapolis, MN, on behalf of Plaintiff.

John K. Iverson, Esq., Stephanie A. Angolkar, Esq., and Susan M. Tindal, Esq., Iverson Reuvers Condon, Bloomington, MN, on behalf of Defendants Richard Pietrzak and the City of Dayton.

Oliver J. Larson, Esq., Minnesota Attorney General's Office, St. Paul, MN, on behalf of Michael Campion and Ramona Dohman.

---

## I.  INTRODUCTION

Before the Court is the Minnesota Department of Public Safety Commissioners Michael Campion and Ramona Dohman's (collectively, "DPS Commissioners") Motion to Dismiss [Docket No. 5] and Dayton Police Chief Richard Pietrzak ("Pietrzak") and the City of Dayton's Partial Motion for Judgment on the Pleadings [Docket No. 13].  For the reasons stated below, both motions are granted.

## II.  BACKGROUND

Orduno alleges Pietrzak or another City of Dayton employee accessed her driver's license information without a proper purpose 28 times between February 27, 2008 to October 4, 2012. Compl. [Docket No. 1] Ex. A.  Orduno alleges that Pietrzak accessed her personal information in retaliation for public comments she made that were critical of his performance. Compl. ¶ 26-29.  Orduno also alleges the DPS Commissioners failed to implement systems or procedures to adequately protect her private data and limit access to those with a legitimate purpose.

**A.  Minnesota Driver and Vehicle Services Records Database**

The Driver and Vehicle Services Division of the Minnesota Department of Public Safety ("DPS") maintains a password protected database of Minnesota drivers' motor vehicle records ("DVS database"), which includes each licensed driver's name, date of birth, driver's license number, address, photograph, weight, height, eye color, social security number, and some limited disability information.  Law enforcement personnel and other state agency employees have access to the DVS database.

**B. Driver's Privacy Protection Act**

This case is one of many very similar cases brought in this jurisdiction under the Driver's Privacy Protection Act ("DPPA").[1]  Under the DPPA, each time a driver's information is accessed from the DVS database, it must be for a "permissible use" as defined by the statute.  18 U.S.C. § 2721(b).  The DPPA prohibits "any person" from "knowingly . . . obtain[ing] or disclos[ing] personal information, from a motor vehicle record, for any use not permitted under Section 2721(b) of this title."  Id. § 2722.  As defined by the Act, "personal information" means basic identification information including name, photograph, address, social security number, and driver's license number.  See id. § 2725(3).  The Act lists numerous permitted uses, including "use by any government agency, including any court or law enforcement agency, in carrying out its functions . . . ."  Id. § 2721(b)(1).  The circuit courts which have addressed the issue of burden of proof have held the plaintiff has the burden of proving each element of the civil claim, including whether the retrieval was for a "purpose not permitted" by the Act.  See Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1110-14 (11th Cir. 2008); Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011).

---

[1] There are at least 28 such cases in the United States District Court of Minnesota, many of which have been dismissed, either in whole or in part.  See Ray v. Anoka Cnty., No. 14-539, 2014 U.S. Dist. LEXIS 75792 (D. Minn. June 3, 2014) (Magnuson, J.) (listing cases); Potocnik v. Carlson, No. 13-2093, 2014 U.S. Dist. LEXIS 38018 (D. Minn. Mar. 24, 2014) (Schiltz, J.); Smythe v. City of Onamia, No. 12-3149, 2013 U.S. Dist. LEXIS 78948 (D. Minn. June 5, 2013).

## III.  DISCUSSION

### A.  Legal Standards

#### 1.  Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.

#### 2.  Motion for Judgment on the Pleadings Standard

In considering a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the court views "all facts pleaded by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party."  Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008).  This is the same standard used to resolve a motion to dismiss under Rule 12(b)(6).  Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  Judgment on the pleadings is appropriate "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002).

### B.  Orduno's claims against the DPS Commissioners fail

Orduno's claims against the DPS Commissioners are based on the Commissioners'

alleged failure to adequately control and monitor access to her private data.  Specifically, Orduno claims that the Commissioners provided passwords to law enforcement members without establishing safeguards to ensure that the data accessed would be for permitted purposes. Compl. ¶ 87.

The liability of the DPA Commissioners has been discussed extensively in other DPPA cases and need not be repeated here.  See, e.g., Kiminski v. Hunt, No. 13-185, 2013 U.S. Dist. LEXIS 157829, *7-25 (D. Minn. Sept. 20, 2013).  In short, courts in this district have repeatedly held, "to be liable under the DPPA, the Defendants themselves must have acted with an impermissible purpose." Kampschroer v. Anoka County, No. 13-2512, 2014 U.S. Dist. LEXIS 90830, *25-26 (D. Minn. July 3, 2014) (listing cases holding the same).  Orduno's claims against the DPA Commissioners fail because she does not allege that the DPS Commissioners knowingly obtained, disclosed, or used Plaintiff's personal information from the DVS Database for a purpose not permitted under the DPPA.

**C.  Orduno's DPPA claims prior to May 2, 2010 are barred by the statute of limitations**

DPPA claims are subject to a four-year statute of limitations.  28 U.S.C. § 1658(a). Orduno alleges Pietrzak and the City of Dayton accessed her driver's license information without a permissible purpose in violation of the DPPA 28 times between February 27, 2008 and October 4, 2012.  Compl., Ex. A.  Pietrzak and the City of Dayton argue that since Orduno filed her
Complaint on May 2, 2014, the statute of limitations bars claims for alleged unlawful look-ups that occurred before May 2, 2010.  Eleven of the 28 accesses occurred prior to this date. Angolkar Aff. [Docket No. 17] Ex. 1.  Orduno argues that the discovery rule should trigger the

statute of limitations, but this Court has repeatedly held that the occurrence rule triggers the statute of limitations in DPPA cases.[2] See, eg., Roschen v. Wabasha County, No. 13-2490, 2014 U.S. Dist. LEXIS 87005, *11 (D. Minn. June 26, 2014); Heglund v. Aiken County, No. 14-296, 2014 U.S. Dist. LEXIS 99117, *9 (D. Minn. July 22, 2014). As a result, Orduno's DPPA claims based on the 11 accesses prior to May 2, 2010 are time-barred and therefore dismissed.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Ramona Dohman and Michael Campion's Motion to Dismiss [Docket No. 5] is **GRANTED** and Dohman and Campion are **DISMISSED** from this case **WITH PREJUDICE**; and

2. Defendants Richard Pietrzak and the City of Dayton's Motion for Partial Judgment on the Pleadings [Docket No. 13] is **GRANTED**. All alleged DPPA violations that occurred before May 2, 2010 are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 28, 2014.

---

[2] Under the discovery rule, "a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." Comcast of Ill. X v. Multi-Vision Elecs., Inc., 491 F.3d 938, 944 (8th Cir. 2007). Under the occurrence rule, the cause of action accrues and the statute of limitations begins to run when the injury occurs. Gabelli v. Sec. & Exch. Comm'n, 133 S. Ct. 1216, 1220 (2013).